**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Cr. No. V-05-005** |
| | § | |
| **T.J. JONES CLEVELAND** | § | |

**ORDER**

Pending before the Court is T.J. Jones Cleveland's motion in which he seeks credit for time spent in federal custody.

Cleveland was indicted in January 2005 in a multi-count indictment for felon in possession of a firearm, drug trafficking, and possession of a firearm in furtherance of drug trafficking. D.E. 1. At the time of his indictment, Cleveland was in state custody. He was brought to federal court pursuant to a Writ of Habeas Corpus ad Prosequendum for his appearance on February 16, 2005. D.E. 6. He was detained until the resolution of his federal offenses. D.E. 10.

A superseding indictment added another drug trafficking offense. D.E. 16. Cleveland pled guilty to Counts Two and Three of the superseding indictment, pursuant to a plea agreement with the government. D.E. 35. Cleveland was sentenced on May 1, 2006, to 125 months custody in the Bureau of Prisons on Count Two and to 60 months imprisonment on Count Three to be served consecutively. D.E. 58. In 2008, Cleveland's sentence was reduced pursuant to changes in the sentencing guidelines and he was resentenced on Count Two to 98 months. His sentence on Count Three was unchanged, with the sentences to run consecutively. D.E. 74. Cleveland now files his motion seeking credit on his federal sentence for the period between February 15, 2005 to April 30, 2006. D.E. 75.

Because Cleveland seeks sentencing credit from the Bureau of Prisons, the proper vehicle for raising such a challenge is a petition pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451

(5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

Additionally, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241, must be filed in the district where he is incarcerated. See Pack, 218 F.3d at 451. The return address on Cleveland's current motion reflects that he is incarcerated in Bastrop, Texas, which is located in the Western District of Texas, Austin Division. 28 U.S.C. § 124(d)(1). Thus, assuming he remains incarcerated in Bastrop, Texas, Cleveland should file any § 2241 petition in that court, after first exhausting his administrative remedies.[1] Although his motion is dismissed, today's order does not adjudicate the merits of his § 2241 complaints.

For the foregoing reasons, Cleveland's motion (D.E. 75) is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED.**

**SIGNED** on this 25th day of March, 2013.

John D. Rainey
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

1. The law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335 (1992).